HON. RONALD B. LEIGHTON

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

ADVOCARE INTERNATIONAL LP,

      Plaintiff,

vs.

RICHARD PAUL SCHECKENBACH, et al.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.  C08-5332 RBL

*Noted for hearing:  March 27, 2009*

## <u>GENERAL PROTECTIVE ORDER</u>

THIS MATTER is before the Court on the joint motion of the parties.  Being fully

advised, the Court finds, concludes and orders as follows:

**Cutler Nylander & Hayton**
 Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

WHEREAS certain documents and information likely to be the subject of discovery in this action, both from parties and third parties, may contain private and confidential personal, financial, business, or proprietary information the disclosure of which may cause damage and harm to the person producing the documents and/or information, and to other persons whose confidential personal, financial, business or proprietary information is contained or referenced therein; and

WHEREAS, the parties desire to protect confidential personal, financial, business and proprietary information from unnecessary dissemination or disclosure in order to preserve the legitimate personal privacy and/or business privacy interests of the parties and non-parties; and

WHEREAS the Court finds that good cause has been established for entry of this Protective Order; now, therefore

IT IS HEREBY ORDERED that:

1.      Definitions

(a)      The term "Confidential Information" includes, without limitation, (i) personal or other information not generally known by others concerning the personal or financial affairs of the designating party or of other persons or entities referenced therein; (ii) general business information and business financial information of the designating party or its principals, shareholders, members, employees, officers or directors, or of other persons or entities referenced therein; and (iii) any other non-public

Cutler Nylander & Hayton
  Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

information of a confidential or sensitive nature which the designating party reasonably believes, in good faith, should be protected from disclosure as provided in this Protective Order. The Parties agree that personal bank records, personal tax returns and brokerage account statements are among the types of documents that constitute "Confidential Information."

(b)     The term "Highly Confidential Information" includes, without limitation, documents or information which the designating party reasonably believes, in good faith, constitutes or consists of extremely sensitive personal or business information or trade secrets or information of a proprietary nature that might be of value to an actual or potential competitor of the designating party.  The Parties agree that any business records or information of Ascential Bioscience, LLC ("Ascential") that are produced in this matter, including but not limited to the documents and information that are the subject of Ascential's Motion for Protective Order (Docket No. 25), shall be designated as Highly Confidential Information. A document or information designated Highly Confidential shall be treated as such notwithstanding that the document or information is also Confidential.

(c)     The term "designating party" means the party producing or designating documents or information as "Confidential" or "Highly Confidential" under this Protective Order.

(d)     The term "receiving party" shall mean the party to whom information or

Cutler Nylander & Hayton
 Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

documents is produced or disclosed, including without limitation such documents or information designated as "Confidential" or "Highly Confidential."

**Designation of Confidential or Highly Confidential Information**

2.      (a)   Any party or non-party may designate documents and information as Confidential, and shall designate all information for which it desires Confidential treatment under this Protective Order, by marking the same as "CONFIDENTIAL" or by advising all other parties of the designation (by reference to the document number or, if un-numbered, a description of the document(s)).

(b)      Each designating party who produces or discloses any material that it believes contains or comprises Highly Confidential Information, or becomes aware that Highly Confidential Information has been produced by another, shall designate the same by marking "HIGHLY CONFIDENTIAL" on any document containing Highly Confidential Information, or by advising all other parties in writing of the designation (by reference to the document number or, if un-numbered, a description of the document(s)).

(c)      With respect to source code, object code, computer software, and/or computer programs, by marking the disk, cartridge, CD, or other medium on which is contained Confidential or Highly Confidential information, the designating party may designate all information contained on such disk, cartridge, CD, or other medium as such, including but not limited to any and all documents printed out from such disk, cartridge, CD, or other medium.  When documents or things are produced for inspection or review,

**Cutler Nylander & Hayton**
 Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

the documents or things may be collectively designated as containing Confidential Information or Highly Confidential Information for purposes of the inspection or review, by letter or otherwise, without marking each document or thing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and such documents or things will be treated as such under this Protective Order.

(d)     Any documents or information produced in the underlying Northern District of Texas action (Civil No. 3:04-CV-1988-DÐ) and marked or required to be treated as "Confidential" or "Confidential – Attorneys' Eyes Only" under terms of the protective order entered in that case shall continue to be treated as such in this action or, at the option of the producing party, re-marked as Confidential or Highly Confidential and used and disclosed only as provided in this Protective Order.  Documents or information produced in this action that is of the same type or character as documents or information produced in the underlying Texas action, and designated therein as "Confidential" or "For Counsel Only" (or Attorneys' Eyes Only") may be designated as Confidential or Highly Confidential in this action, subject to the provisions of Paragraph 18.

(e)     Any documents or information produced in the judgment registration actions filed in King County, Washington, Superior Court (No. 06-2-35688-8 SEA) and Mulnomah County, Oregon, Circuit Court (No. 0611-11620), or in future judgment registration or enforcement actions against Richard Scheckenbach initiated by AdvoCare International LP, may be marked as Confidential or Highly Confidential and used and

Cutler Nylander & Hayton
  Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

disclosed only as provided in this Protective Order; *provided, however*, that such documents may also be used by AdvoCare International LP to enforce its underlying judgment against Richard Scheckenbach.

3.      The parties recognize that, during the course of this litigation, Confidential or Highly Confidential Information that originated with a non-party and for which there exists an obligation of confidentiality may be produced.   Such information may be designated as such under this Protective Order by the producing non-party, by plaintiff, and/or by defendants.

4.      (a)   In the event any designating party discovers, after it has produced information, that it has inadvertently produced Confidential or Highly Confidential Information that has not been correctly designated, the designating party may re-designate the information by a subsequent notice in writing specifically identifying the re-designated information, in which event the parties shall henceforth treat such information in accord with this Protective Order, and shall undertake reasonable efforts to correct any prior disclosure of such information contrary to the re-designation.

(b)   In the event any party or third-party discovers, after it has produced information, that it has inadvertently produced information exempt from discovery by the attorney-client or work-product privilege, or any other recognized privilege exempting the information from discovery, the production does not waive, or operate as a waiver of, the applicable privilege. *See* F. R. Evid. 502.  Promptly after discovering the inadvertent

Cutler Nylander & Hayton
 Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

production of privileged information, the producing party shall notify all receiving parties in writing, together with the document-production number or other information reasonably sufficient to allow the receiving party to identify the material and, promptly after a receiving party receives such notice, the receiving party (1) shall (i) return to the producing party all such information, and any copies thereof, (ii) take reasonable steps to retrieve the information if disclosed to any person prior to receiving notice, and (iii) certify in writing to the producing party that it has done so, (2) may not use or disclose the information unless authorized by the producing party or the Court and (3) shall, if it contests the privilege asserted, promptly bring the issue before the Court for resolution. The producing party must preserve the information until the Court resolves the issue.

### **Disclosure of Confidential and Highly Confidential Information**

5.      Documents and information designated as (or required to be treated as) "Confidential Information" may be disclosed only to the following:

(a)      The parties' counsel (including in-house counsel) and their legal, clerical, or support staff, including temporary or contract staff;

(b)      Expert witnesses or consultants who are employed or retained by a party in connection with this action, provided that counsel, in good faith, requires their assistance in connection with this action, further provided that any report created by such expert or consultant relying on or incorporating Confidential Information in whole or in part shall be designated as Confidential Information, further provided that such expert or

Cutler Nylander & Hayton
 Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

consultant complies with the procedure of Paragraph [15] herein;

(c)    Those persons described in Paragraph [17] herein;

(d)    The Court, Court personnel, and Official Court Reporters to the extent that Confidential Information is disclosed at a deposition or court session which such reporter is transcribing; and

(e)    Current employees or associates of the parties to whom the disclosure of the Confidential Information is necessary for purposes of this litigation.  No such employees or associates shall have access to Confidential Information without first signing a Declaration of Compliance with the Protective Order (in the form attached as Exhibit 1 hereto), which shall be filed with the Court.

6.    "Highly Confidential Information" may be disclosed only to the following:

(a)    The parties' outside attorneys of record (*excluding* any in-house counsel) and their legal, clerical, or support staff, including temporary or contract staff.

(b)    Expert witnesses or consultants who are employed or retained by a party in connection with this action, provided that counsel, in good faith, requires their assistance in connection with this action, further provided that any report created by such expert or consultant relying on or incorporating Highly Confidential Information in whole or in part shall be designated as Highly Confidential Information, further provided that such expert or consultant complies with the procedure of Paragraph 15 herein.  No expert witness or consultant shall have access to Highly Confidential Information without first

Cutler Nylander & Hayton
 Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

signing a Declaration of Compliance with the Protective Order (in the form attached as Exhibit 1 hereto), which shall be filed with the Court.

7.    The lists in Paragraphs 5 and 6 may be expanded by mutual agreement in writing by counsel for plaintiff and defendants.

**Use and Control of Confidential and Highly Confidential Information**

8.    All documents and information designated as Confidential Information or Highly Confidential Information pursuant to this Protective Order and disclosed in this litigation shall be used by a recipient thereof solely for the purposes of this litigation or for enforcement of the underlying judgment held by AdvoCare International, L.P. against Richard Scheckenbach and not for any personal, business or competitive purposes.  All documents and information designated as Confidential Information shall be disclosed only as permitted by Paragraphs 5 and 7 herein.  All documents and information designated as Highly Confidential Information shall be disclosed only as permitted by Paragraphs 6 and 7 herein.  It shall be the duty of each party and each individual having notice of this Protective Order to comply with this Order from the time of such notice.

9.    During a deposition, any party may note on the record that certain testimony contains either Confidential or Highly Confidential Information.  Such information shall thereafter be treated in accordance with this Protective Order.  In addition, a party may designate additional portions of any deposition transcript Confidential or Highly Confidential at any time until five (5) business days after receipt

Cutler Nylander & Hayton
 Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

of the transcript have elapsed, and such information shall thereafter be treated in accordance with this Protective Order, but no use made by the opposing party prior to such designation shall be deemed to be a violation of this Protective Order. During any deposition wherein the deponent or counsel discusses or inquires about Highly Confidential documents or information, all persons except those within the scope of Paragraphs 6 and 7 above shall be excluded from the deposition room and the transcript of such a deposition shall (a) clearly label on its face the pages of the deposition containing Highly Confidential information.

      10.    To the extent that any Confidential or Highly Confidential information is referenced in any paper filed with the Court, the party filing such a court paper shall ensure that all personal or business identifying information (e.g., date and place of birth of a person, full social security or taxpayer identifying number, full bank or financial institution account number) is redacted and only such financial or other confidential information necessary to the Court's consideration of the matter is presented. In addition to the foregoing, Highly Confidential documents shall be filed under seal, unless: (i) the designating party agrees in writing to a public filing; (ii) the documents are presented to the Court for an in camera review; or (iii) under the circumstances it would be impractical to file the documents under seal, such as when a party must rely upon Highly Confidential Information in support of a motion or response in opposition to a motion that is time sensitive. When the filing of a document under seal is impractical as described in (iii)

Cause No. C08-5332 RBL

General Protective Order          - 10

Cutler Nylander & Hayton
Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

above, the party relying upon the Highly Confidential Information shall not be required to first move to seal the document prior to the date on which the motion or response is filed. Rather, at the time of filing the motion or response, the party relying on the Highly Confidential Information shall either file a motion seeking permission to file, unsealed, the Highly Confidential documents relied upon in the motion or response or file a contemporaneous motion to file the Highly Confidential Information under seal (noted for hearing on the same date as the underlying motion)

**Miscellaneous**

11.     This Protective Order is intended to provide a mechanism for handling the disclosure or production of Confidential or Highly Confidential Information to which there is no objection other than confidentiality.  Each party reserves the right to object to any disclosure of information or production of any documents it deems to contain Confidential or Highly Confidential Information on any other ground it may deem appropriate, and any party may move for relief from, or general or particular modification of, the mechanism herein set forth or the application of this Protective Order in any particular circumstance.

12.     This Protective Order may be amended with respect to specific documents or items of Confidential or Highly Confidential Information by court order, or by written agreement of the parties hereto.  This Protective Order shall remain in force and effect indefinitely until modified, superseded or terminated by Order of this Court.

Cause No. C08-5332 RBL

General Protective Order                    - 11

Cutler Nylander & Hayton
 Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

13.     Upon final termination of this action (including all appeals) with respect to any party receiving any Confidential or Highly Confidential Information and at the option of the designating party, the receiving party shall, within thirty (30) days of such termination, either return to the designating party or destroy all Confidential or Highly Confidential Information in its possession.  In either event, the receiving party shall certify the return or destruction of such documents and information, with the exception that one outside counsel for each party may retain one copy of each of: the pleadings or other papers filed with the Court or served in the course of the litigation, the depositions, the deposition exhibits and the trial record.

14.     No party or person shall disclose or cause to be disclosed to anyone not specified in Paragraphs 5, 6 or 7 as being entitled to receive it, any information designated as Confidential or Highly Confidential Information under this Protective Order, without prior written consent of the designating party or an Order of this Court.  If the receiving party learns that Confidential or Highly Confidential Information produced to it is disclosed to any person other than in the manner authorized by this Protective Order, the receiving party learning of the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

15.     No expert or consultant designated in accordance with Paragraphs 5(b) or 6(b) above shall have access to Confidential or Highly Confidential Information without

Cutler Nylander & Hayton
 Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

first signing a Declaration of Compliance with the Protective Order (in the form attached as Exhibit 1 hereto) and filing same with the Court.  A file of all such original written Declarations shall be maintained by counsel for the party obtaining them.

16.     Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Order.

17.     Nothing herein shall prevent: (a) any party from disclosing its own documents or information, including without limitation its own Confidential or Highly Confidential Information, in any manner that it considers appropriate; (b) counsel for any party from showing or using documents or information, including without limitation Confidential or Highly Confidential Information, during examination, at deposition or trial, of a party who produced the information or designated it as Confidential or Highly Confidential, or of any retained expert of the party who produced the information or designated the information Confidential or Highly Confidential, or during examination of any other witness with knowledge relevant to the subject of the Confidential or Highly Confidential Information; (c) the disclosure of Confidential or Highly Confidential Information to any person who either authored in whole or in part, or who received in the ordinary course of his or her work, the Confidential or Highly Confidential Information; provided, however, that any such person referenced in this paragraph signs a Declaration of Compliance with this Protective Order prior to such disclosure.

18.     The designation of documents or information produced prior to the entry

Cutler Nylander & Hayton
 Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

hereof shall be retroactively designated by notice in writing of the designated class of each document by Bates number (or description if un-numbered) within thirty (30) days after entry hereof.  Nothing herein shall prevent a receiving party from contending (for the purposes of securing an order so providing from the Court) that any or all Confidential or Highly Confidential Information is not confidential or otherwise not entitled to protection under this Protective Order.  Any receiving party may at any time request that the designating party cancel or change the Confidential or Highly Confidential Information designation with respect to any document, object or information.  The parties shall first try to resolve any such dispute in good faith on an informal basis.  If the designating party does not agree ~~, within a reasonable time~~ to remove or change the Confidential or Highly Confidential designation, then the party contending that such documents or information are not entitled to the protection afforded such categories of documents or information under this Protective Order shall object in writing to the designating party's designation, particularly identifying the document(s) or information should not continue to be treated as Confidential or Highly Confidential and the reason(s) supporting its contention that the original designation should be changed. The designating party shall be required to move the Court for an order preserving the originally designated status of such document(s) or information within ten (10) days after receipt of the written objection; failure to do so shall constitute a termination of the restricted status of such item.  Until the Court resolves any such motion, the original

Cause No. C08-5332 RBL

General Protective Order                          - 14

Cutler Nylander & Hayton
 Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

designated status shall be retained.

19.     All documents and things produced by a party for inspection by the other shall be retained by the party producing the same and, during the pendency of this litigation, shall be made available for re-inspection for good cause pursuant to the terms of this Order on reasonable notice and at reasonable times upon request.

20.     The parties have agreed that inadvertent production of documents or information subject to the attorney-client privilege, work-product immunity or other exemption from discovery (despite the parties' reasonable efforts to prescreen such documents and information prior to production) does not waive the attorney-client privilege, work product immunity or other exemption from discovery if a request for return of such documents or information is made promptly after the producing party learns of its inadvertent production.

21.     All documents and things produced for inspection may be numbered by the producing party.

22.     A party shall be entitled to obtain copies or images of any inspected documents or designated inspected documents, and where reasonably possible, inspected things, furnished by the party producing the same to the receiving party at the expense of the receiving party. A receiving party may make arrangements to obtain copies from the producing party or make arrangements to have the documents and things copied by a third-party copy service.

Cause No. C08-5332 RBL

General Protective Order                      - 15

Cutler Nylander & Hayton
 Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

23.     This Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Confidential or Highly Confidential Information is disclosed hereunder.

IT IS SO ORDERED this 14th day of April, 2009.


_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Approved for Entry; Notice of Presentation Waived:


*s/David R. Ebel*

_____
David R. Ebel (WSBA #28823)
Schwabe Williamson & Wyatt
*Of attorneys for plaintiff Advocare International LP*


*s/Philip E. Cutler*

_____
Philip E. Cutler (WSBA #5084)
Cutler Nylander & Hayton PS
*Attorneys for defendants Scheckenbach, Gillette,*
*Ilcervello Properties LLC, RavenSky LLC,*
*R-Squared Nutrition Inc., Breakthrough Nutrition LLC,*
*and Ascential Bioscience LLC*


*s/Kasey D. Huebner*

_____
Kasey D. Huebner (WSBA #32890)
Mills Meyers Swartling PS

Cutler Nylander & Hayton
Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

*Of attorneys for defendant Ascential Bioscience LLC*


*s/James H. Jordan*

_____

James H. Jordan (WSBA #15796)
Miller Nash LLP
*Attorneys for defendants Tai Brown, Kelli*
*Bottolfson Brown and HerbAsia Corp.*

Cutler Nylander & Hayton
 Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

# EXHIBIT 1

**Cutler Nylander & Hayton**
 Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

ADVOCARE INTERNATIONAL LP,

Plaintiff,

vs.

RICHARD PAUL SCHECKENBACH, *et al.*,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.  C08-5332 RBL

## DECLARATION OF COMPLIANCE WITH PROTECTIVE ORDER

I, the undersigned, hereby acknowledge that I have read the Protective Order entered in this action, understand the terms thereof, agree to be bound by such terms, and agree to be subject to the jurisdiction of said Court in all matters relating to said Protective Order.  I acknowledge that I will treat all information designated as "Confidential" and/or "Highly Confidential" strictly in accordance with the terms and conditions of this Protective Order, and that I understand that any unauthorized use of such material that I receive may constitute contempt of court.

DATED: _____

Address:

_____
Signature

_____
Print Name

Cause No. C08-5332 RBL

General Protective Order                    - 19

Cutler Nylander & Hayton
 Professional Service Corporation
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone 206 340-4600