| | |
|---|---|
| | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADVOCARE INTERNATIONAL, L.P., a Texas limited partnership<br><br>Plaintiff,<br><br>v.<br><br>RICHARD PAUL SCHECKENBACH, et al.,<br><br>Defendants. | Case No. C08-5332 RBL<br><br>ORDER DENYING BROWN DEFENDANTS' MOTION TO COMPEL |

This matter is before the Court on the Brown Defendants' Motion to compel answers to Interrogatories. [Dkt. #151.]

The Brown Defendants seek answers to Interrogatory Nos. 1, 2, 3, 4, and 5, which are broad contention interrogatories, seeking all evidentiary support for the Plaintiff's allegations that various transactions were fraudulent. The Plaintiff's allegations (and the Brown Defendants' Motion to Compel) relate to a 2004 stock sale; a gift of an interest in Ilcervello Properties LLC; a $950,000 transfer to Gillette; wages paid to the Browns; and various other transfers to and from the Browns. The Browns claim, and argue that they have demonstrated, that each transfer was legitimate. They argue that their interrogatories required the Plaintiffs to "describe and identify with particularity the factual basis (or produce documents supporting) its allegations to the contrary of Plaintiff's "legitimacy" claims. Based on this, they argue that the objections and answers given thus far by the Plaintiffs are deficient.

Plaintiffs respond that the interrogatories are overly broad "contention" interrogatories, and that its

objections to them were there for proper and should be sustained. It argues that its responses are sufficient, and that the Brown Defendants' complaints about them relate to the weight of the evidence, not its sufficiency. Finally they argue that the evidence produced thus far does support their "fraudulent transfer" allegations.

As the Plaintiffs correctly argue,

> Numerous federal courts have held that contention interrogatories which "systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome." *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007); *see also Olson v. City of Bainbridge Island*, 2009 WL 1770132 *4 (W.D. Wash. June 18, 2009)(Upholding "overly broad" objection to contention interrogatory which requested "all facts and all evidence" supporting a particular allegation).

The Brown Defendants' discovery requests are in fact overly broad.

Furthermore, Plaintiff has sufficiently responded to them. The narratives included in the Answers themselves, and in pleadings referenced by the Plaintiff (including its arguments in connection with the present Motion) are more than adequate for the Brown Defendants to defend the claims asserted against them. In effect, the Brown defendants' effort to Compel further responses to their contention interrogatories is an attempt to prevent the plaintiff's from using any evidence or argument, other than that already provided, in support of their fraud allegations. This is beyond the proper scope of discovery requests. The Court will not Compel further Responses to the Brown Defendants' Interrogatory Nos. 1, 2, 3, 4, and 5. If and to the extent there are later issues regarding evidence which was sought and not produced, they will be addressed at that time.

The Motion to Compel [Dkt. #151] is DENIED.

**IT IS SO ORDERED.**

IT IS SO ORDERED this 24th day of September, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE