HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADVOCARE INTERNATIONAL, L.P., a Texas limited partnership,

Plaintiff,

v.

RICHARD PAUL SCHECKENBACH, et al.,

Defendants.

Case No. C08-5332 RBL

ORDER DENYING BROWN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**1.     Summary.**

THIS MATTER comes before the Court on Brown Defendants' Motion for Summary Judgment. [Dkt. #178]. Plaintiff, AdvoCare, claims that Tai Brown and Kelli Bottolfson-Brown ("the Brown Defendants") received assets fraudulently transferred to them by Defendant Richard Scheckenbach. The Plaintiff claims that the Brown Defendants conspired, along with Scheckenbach and his wife Carol Gillette, to shield the assets from Scheckenbach's judgment creditor, AdvoCare. The Brown Defendants seek a ruling that no genuine issue of material fact exists with regard to Plaintiff's claims and that the claims therefore fail as a matter of law. The Court has reviewed the parties' submissions, and oral argument is not necessary for the disposition of this motion. The Court hereby DENIES the Brown Defendants' motion. The reasons for

the Court's order are set forth below.

**2.      Background**.

The following alleged facts are set forth in a light most favorable to the non-moving parties: Defendant Richard Scheckenbach served as Plaintiff AdvoCare's product formulator and as a member of AdvoCare's Scientific and Medical Advisory Board.  In July 2003, Plaintiff discovered that Scheckenbach had secretly formed three companies: Transglobal Resources, Inc. ("Transglobal"), Fife & Taylor Phytochemica, Inc. ("Fife & Taylor") and HerbAsia. Through these entities, Sheckenbach sold raw materials to Plaintiff's manufacturer at marked-up prices, increasing Plaintiff's manufacturing costs by more than $11,000,000 between 1999 and 2003.  In 2004, Plaintiff filed a lawsuit against Sheckenbach and others in the United States District Court for the Northern District of Texas.  The lawsuit resulted in a judgment against Scheckenbach in the amount of $11,010,195 plus post-judgment interests accruing at the rate of 4.91% per annum.

Plaintiff now brings suit in the United States District Court for the Western District of Washington against Scheckenbach, Scheckenbach's spouse Carol Gillette, and moving parties Tai Brown and Kelli Bottolfson-Brown, amongst others. Plaintiff claims that Gillette, Brown and Bottolfson-Brown have assisted Scheckenbach in transferring and shielding assets to prevent Plaintiff from collecting the $11,010,195 judgment.

At various times, Brown (Scheckenbach's step-son and Gillette's son) and Bottolfson-Brown (Brown's spouse) were employed by Transglobal, Fife & Taylor and HerbAsia, the entities used by Scheckenbach to defraud the Plaintiff. At one time or another, funds were transferred from these entities to Brown and Bottolfson-Brown. In 2004, despite the fact that Brown was at the time receiving unemployment benefits, Scheckenbach and Gillette conveyed 100% of the stock of HerbAsia to Brown and Bottolfson-Brown in exchange for a promissory note in the amount of $352,000, to be paid with interest by March 31, 2008. On January 27, 2006, while the Texas lawsuit was pending, Scheckenbach and Gillette extended the due date of the promissory note to March 31, 2014. Brown and Bottolfson-Brown have not yet paid any portion of the $352,000. Also in 2004, Scheckenbach formed Ilcervello Properties, LLC. He gifted to Brown a 10% interest in Ilcervello, valued at $10,000.

In the Spring of 2005, while the Texas lawsuit was still pending, Scheckenbach, Gillette and Brown

each contributed $5,000 to form Ascential Bioscience, LLC., a direct sales company that, like AdvoCare, sells nutritional supplements through distributors. Brown currently serves as Ascential's President and Bottolfson-Brown is a full-time employee of the company. Plaintiff claims that Brown and Bottolfson-Brown have received, and are continuing to receive, funds from Ascential. Also in 2005, Brown received numerous cash gifts from Scheckenbach and Gillette, including a $30,000 gift on July 28.

**3.     Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

**4.     Discussion.**

<u>Uniform Fraudulent Transfer Act Claims</u>

Under the Uniform Fraudulent Transfer Act ("UFTA"), a transfer made by a debtor is "fraudulent as to the creditor, whether the creditor's claim arose before or after the transfer was made or the obligation is incurred, if the debtor made the transfer . . . [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor . . ." RCW § 19.40.041(a)(1). Plaintiff contends, and this Court agrees, that the question of whether such intent to defraud existed raises a question of material fact not appropriate for dismissal on summary judgment. *Sedwick v. Gwinn*, 73 Wash. App. 879, 887, 873 P.2d 528, 533 (1994) ("[I]n cases where the debtor denies that his or her intent was to defraud, the issue cannot be conclusively determined by the trier of fact until it has heard the testimony and assessed the witnesses' credibility.") Thus, whether Scheckenbach intended to "hinder, delay, or defraud" Plaintiff by transferring assets to Gillette, Brown, and Bottolfson-

Brown is a question of material fact to be determined by the trier of fact.

To maintain a cause of action against a transferee, Division Three of the Washington Court of Appeals previously required a plaintiff to show that the transferee also had intent to defraud the transferor's creditors. *Park Hill Corp. v. Sharp*, 60 Wash. App. 283, 803 P.2d 326 (1991). Thus, to avoid summary judgment, Plaintiff would have had to show that a question of material fact existed, not only as to Scheckenbach's intent, but also as to the Brown Defendants' mental state in accepting Scheckenbach's transferred assets. However, on October 22, 2009, the Washington Supreme Court determined that a showing of such intent on the part of the transferee is no longer necessary to maintain an action against a transferee under the UFTA. *Thompson v. Hanson*, No. 81311-6, 2009 WL 3384594 (Wash. Oct. 22, 2009). The Court stated: "A plain reading of the remedial provision indicates that creditors may seek relief from first transferees without regard to the transferees' intent. The structure of the statute indicates that while fraudulent transfers may or may not include a culpable mental state, once a transfer has been found to be fraudulent, remedy is available against transferees." *Id*. at ¶ 19. Therefore, a question of material fact regarding Scheckenbach's intent to defraud Plaintiff or transfer assets without adequate consideration would be enough to maintain a cause of action against both Scheckenbach and the Brown Defendants. As stated above, Scheckenbach's intent in gifting to Brown $10,000 worth of Ilcervello stock, $30,000 plus in cash, and extending the due date of the $352,000 promissory note are genuine issues of material fact to be determined by the trier of fact. Therefore, summary judgment regarding Plaintiff's UFTA claim against the Brown Defendants is improper.

Reverse Piercing Claim

The Brown Defendants ask this Court to dismiss Plaintiff's reverse piercing cause of action, arguing that Washington courts do not recognize such claims. Reverse piercing, however, has long been recognized in Washington as a valid means of recovering the debt of an insolvent individual from the individual's corporate "alter ego." In *W.G. Platts, Inc. v. Platts*, 49 Wash.2d 203, 298 P.2d 1107 (1956), for example, the Washington Supreme Court upheld the trial court's decision to ignore the corporate entity and attach a lien to property owned by the corporation in order to satisfy the sole shareholder's personal debts. *Id*. at 207-08.

In the event that the transfer of HerbAsia stock to the Brown Defendants is found to be fraudulent, the transfer will be deemed void and Scheckenbach will, once again, be the sole owner of HerbAsia stock. At that time, it could very well be determined that HerbAsia is a mere alter ego of Scheckenbach and,

therefore, HerbAsia's assets should be reached to satisfy Scheckenbach's debts. At this point in the litigation, this Court is unwilling to dismiss the reverse piercing claim.

Civil Conspiracy Claim

To establish a claim for civil conspiracy, a plaintiff must prove by "clear, cogent, and convincing evidence that (1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the conspiracy." *Bonneville v. Pierce County*, 148 Wash. App. 500, 518, 202 P.3d 309 (2008). It is sufficient, however, to establish liability for conspiracy from circumstantial evidence. *Lyle v. Haskins*, 24 Wash.2d 883, 899, 168 P.2d 797 (1946). If natural inferences arise from the facts and circumstances that the unlawful overt act was committed in furtherance of a common design, intention, and purpose, then that circumstantial evidence is competent to prove conspiracy. *Id*. When viewed in the light most favorable to the nonmoving party, the facts presented by the Plaintiff, while circumstantial, are sufficient to raise a genuine issue of material fact as to the Brown Defendant's knowledge and participation in the alleged misconduct.[1] Based on the Brown Defendants' involvement in setting up and operating Ascential, their acquisition of HerbAsia in exchange for a promissory note on which no payment is due for ten years from the purchase date, and Scheckenbach's transfer of additional assets in the form of cash and stock to the Browns, a reasonable trier of fact could determine that the Brown Defendants participated in a conspiracy. Such a determination will require a weighing of the evidence, credibility determinations, and the drawing of legitimate inferences from the facts. Therefore, summary judgment on the civil conspiracy claim is improper.

Declaratory Judgment Claim

Plaintiff requests that the Court enter a declaratory judgment voiding any agreement or transfer of assets between Shceckenbach and any other defendant, in the event the transfers are deemed fraudulent. The Brown Defendants, however, claim that a declaratory judgment is inappropriate in this case. The Court disagrees. RCW 7.24.010 states:

> A person interested under a deed, will, written contract or other writings constituting a

---

[1] Advocare's Motion to Strike Evidence Submitted in Support of Brown Defendants' Motion for Summary Judgment is denied. The Court did not consider any evidence submitted improperly. Further, the disputed materials have no effect on the resolution of this motion. Therefore, the record will be left intact for the Court of Appeals.

ORDER DENYING BROWN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION TO STRIKE Page - 5

contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

There is no doubt that the promissory note used as consideration for the HerbAsia stock is a contract between Scheckenbach and the Brown Defendants and is at issue in this litigation. Further, the Plaintiff, a party allegedly defrauded by the contract, is "a person interested" within the meaning of RCW 7.24.010 and is entitled to a declaratory judgment if, at the end of the litigation, it is deemed appropriate by this Court.

Brown Defendants' Claim for Costs and Fees

No fees will be awarded at this stage in the litigation.

**5. Conclusion**

For the above reasons, the Court DENIES in full the Brown Defendants' Motion for Summary Judgment [Dkt. # 178] and also DENIES Plaintiff's Motion to Strike [Dkt. # 185].

DATED this 6th day of November, 2009

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE