HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADVOCARE INTERNATIONAL, L.P., a Texas limited partnership<br><br>Plaintiff,<br><br>v.<br><br>RICHARD PAUL SCHECKENBACH, et al.,<br><br>Defendants. | Case No. C08-5332 RBL<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND [Dkt. #222] |

THIS MATTER is before the Court on the Plaintiff's Motion to Amend its Complaint to add attorney Robert Sailer and his law firm as Defendants. Plaintiff claims that recently produced documents demonstrate that Sailer was a co-conspirator in Defendants' alleged scheme to fraudulently secret assets to avoid the Texas Judgment against them.

Defendants oppose the Motion, arguing that amendment at this stage of the litigation would be unduly prejudicial, and that the deadline for adding parties passed more than a year ago. Plaintiff argues, and demonstrates, that attorney Sailer's role in the matter was only recently discovered, and argues that any prejudice to the parties as the result of amendment[1] can be addressed by adjustments to the trial schedule and date.

Under Fed. R. Civ. P. 15, this Court must be extremely liberal in considering motions to amend the

---

[1] Plaintiff also argues, correctly, that the new factual allegations against the existing defendants are the result of newly discovered documents and do not materially change the litigation.

ORDER
Page - 1

1 pleadings. *See Price v. Kramer,* 200 F.3d 1237, 1250 (9th Cir. 2000), cert. denied, 531 U.S. 816 (2000). The purpose of the rule is to encourage decisions on the merits rather than on the precision (or imprecision, as the case may be) of the pleadings. *See Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000).

In determining whether to grant leave to amend, district courts should look to factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *Foman v. Davis* 371 U.S. 178, 182 (1962). Not all of these factors apply with equal force; "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The Plaintiff's claim that recently discovered documents have revealed Plaintiff's claims against Sailer appear to be correct. Defendants' contention that the claims could and should have been previously asserted in this litigation, or that Plaintiff can simply assert a separate action against Mr. Sailer, do not persuade the Court that amendment should be denied. A separate claim against Mr. Sailer would be duplicative and inefficient for the partes and the Court. While the trial in this matter is imminent, the addition of a new Defendant at this time would not be unduly prejudicial, as the prejudice can be remedied by amending the trial schedule and setting a new trial date.

Therefore, the Motion to Amend the Plaintiff's Complaint [Dkt. #222] is GRANTED, and the Plaintiff shall file the Proposed Amended Complaint within seven days of the date of this Order. The included Motion to Amend the Trial Schedule is similarly GRANTED, and the clerk of the Court is DIRECTED to issue a new trial schedule and set a new trial date. The existing trial date is STRICKEN.

It is further ORDERED that Dkt. # 222 shall be SEALED to address the issue raised by Defendants regarding the disclosure of a protected document.

It is further ORDERED that Plaintiff's Motion to extend the discovery deadline for depositions pending the Court's Ruling on the Motion to Amend [Dkt. # 221] is DENIED as moot; given the Court's

//

/

resolution of the Motion to Amend, the discovery deadline will be extended and the depositions can proceed in any event.

**IT IS SO ORDERED.**

Dated this 16th of March, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE