HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADVOCARE INTERNATIONAL, L.P., a Texas limited partnership,

Plaintiff,

v.

RICHARD PAUL SCHECKENBACH, et al.,

Defendants.

Case No. C08-5332 RBL

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS MATTER comes before the Court on Plaintiff's Motion for Partial Summary Judgment [Dkt. #275]. Plaintiff AdvoCare moves this Court for summary judgment dismissal of three of Defendants' affirmative defenses. The Court has reviewed the materials, and hereby **GRANTS** Plaintiff's Motion. The reasons for the Court's Order are set forth below.

**BACKGROUND**

In 2004, AdvoCare filed suit against Defendants in the United States District Court for the Northern District of Texas, alleging fraud and breach of fiduciary duty arising from Richard Scheckenbach's scheme in secretly selling raw materials to AdvoCare's manufacturer at inflated prices.

In February 2006, a jury found that Scheckenbach had committed fraud and breached fiduciary duties owed to AdvoCare, and returned a verdict in the amount of $12,010,195. Scheckenbach appealed, and the

Court of Appeals for the Fifth Circuit affirmed the Texas judgment, but reduced the $2 million exemplary damage award to $1, resulting in a final judgment against Scheckenbach in the amount of $12,010,195, plus post-judgment interest accruing at a rate of 4.91% per annum.

In the case before this Court, Plaintiff AdvoCare claims that Defendant Richard Scheckenbach violated the Uniform Fraudulent Transfer Act ("UFTA") by transferring and shielding assets to hinder, delay, or defraud creditors. Specifically, AdvoCare argues that Scheckenbach fraudulently sought to prevent AdvoCare from collecting that February 2006 judgment against Scheckenbach by transferring these assets into several business entities.

AdvoCare now seeks dismissal of certain affirmative defenses asserted by Defendants Richard Scheckenbach, Carol Gillette, Ilcervello Properties, LLC, Ravensky LLC, and Ascential Bioscience (collectively "Defendants"): at paragraph 13 that AdvoCare's Texas judgment was obtained by fraud, and affirmative defenses at paragraphs 16 and 17 regarding the alleged absence of Scheckenbach's fraud as adjudicated in the Texas lawsuit, and the remaining Defendants' knowledge of Scheckenbach's fraud as adjudicated in the Texas case. Plaintiffs argue that Defendants cannot put forth any authority or facts that would preclude dismissal of these affirmative defenses as a matter of law.

### A. Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### B. Affirmative Defenses Regarding the Fraud in the Texas Judgment.

In their answers to Plaintiffs' Second Amended Complaint, Defendants assert an affirmative

defense that the underlying Texas judgment was obtained by fraud:

> The underlying Texas judgment in this case was obtained by fraud. AdvoCare was aware of the special relationship between defendant Scheckenbach and the former president of AdvoCare, Charles Ragus. Mr. Ragus was aware of Scheckenbach's business activities, approved them and encouraged them. After the untimely death of Mr. Ragus, AdvoCare brought the Texas action, and corporate insiders, including the former general counsel Ruth Ann Box, who had been aware of the special relationship between defendant Scheckenbach and AdvoCare and who were aware of Mr. Ragus' approval of Scheckenbach's business activities, testified falsely that the relationship was not as Scheckenbach described it and denied that AdvoCare, through Mr. Ragus, was aware of, and approved Scheckenbach's activities. Such false and fraudulent testimony was believed by the jury and led to the verdict.

*Defendants' Answers to Second Amended Complaint*, Dkt. #273, ¶ 13, & Dkts. #276, 277, 278, at ¶ 12.

Plaintiffs argue that this affirmative defense should be dismissed because it is impermissible as a collateral attack on a final judgment. Plaintiffs argue that even if the Texas judgment was obtained through false testimony (as Defendants assert), this false testimony is an example of "intrinsic fraud," which does not support the basis for a collateral attack.

Indeed, Courts will not allow collateral attack on a final, prior judgment. *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995). And allegations of intrinsic fraud, or claims which "go to the merits of the prior proceeding," should have been presented to the court in the underlying proceeding. *See Bailey v. Internal Revenue Serv.*, 188 F.R.D. 346, 354 (D. Ariz. 1999), *aff'd*, 232 F.3d 893 (9th Cir. 2000).

Defendants' assertion that Ms. Ruth Ann Box's false testimony led to a fraudulent verdict is an attack on the merits of the prior proceeding. This is an improper basis for a collateral attack on the Texas judgment. Defendants could have presented their argument at the Texas trial, or during the appeal of that case. Defendants could have even moved for a new trial under Fed. R. Civ. Pro. 59. And if made within one year of the 2006 Texas judgment, Defendants could have filed a new action for relief from the Texas judgment because of fraud, whether extrinsic or intrinsic. Fed. R. Civ. Pro. 59. Plaintiffs have not, however, put forth any evidence or authority demonstrating why this Court should make a finding on the merits of the Texas judgment. Accordingly, Defendants' affirmative defenses regarding alleged fraud in procuring the Texas judgment are **DISMISSED WITH PREJUDICE**.

**C.     Affirmative Defenses Regarding the Defendants' Intent to Commit Fraud.**

Defendants each also assert an affirmative defense that they did not have the requisite intent to commit fraud:

> 16. Defendant Scheckenbach did not have the knowledge or intent to commit fraud regarding AdvoCare. His business activities were not forbidden by his contract with AdvoCare and he

    did not believe that any earnings, revenues, or receipts obtained by him or any business entity in which he had an interest were contrary to his explicit understanding with AdvoCare and Mr. Ragus.

    17. Defendant Gillette did not have knowledge or notice of any fraud or alleged debt, outstanding, potential or contingent, owed by Scheckenbach to AdvoCare because she had personally witnessed discussions between Charles Ragus and Scheckenbach, in which Mr. Ragus acknowledged and encouraged Scheckenbach's business activities.

*Defendants' Answers to Second Amended Complaint*, Dkt. #273, at ¶ 16-17.

    Defendant [R-Squared Nutrition, Inc., Breakthrough Nutrition LLC, Ascential Bioscience, LLC] had no knowledge of, or intent to commit or intent to enter into a conspiracy to commit, any fraudulent act.

*Defendants' Answers to Second Amended Complaint*, Dkts. #276, 277, 278, at ¶ 12.

    Plaintiffs argue that the affirmative defenses are another example of an impermissible collateral attack on a final, prior judgment. In response, Defendants claim that these affirmative defenses do not address the merits of the final judgment, but rather go to Defendants' state of mind at the time that the alleged fraudulent transfers occurred.

    Viewing the facts in a light most favorable to the Defendants, the Court assumes that these affirmative defenses relate to the present case, and were, as Defendants maintain,[1] intended to prove the their lack of intent to commit fraud under the UFTA.  Indeed, this is an element of AdvoCare's claim. Evidentiary arguments do not, however, constitute viable defenses.  *See Zikovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that Plaintiff has not met its burden of proof is not an affirmative defense.").  Accordingly, Defendants' affirmative defenses regarding their lack of intent to commit fraud are **DISMISSED WITH PREJUDICE**.

## CONCLUSION

    For the above reasons, the Plaintiff's Motion Partial Summary Judgment [Dkt. #275] is **GRANTED**. Affirmative defenses 13, 16, and 17, in Defendants Scheckenbach, Gillette, Ilcervello Properties, LLC, and Ravensky, LLC's Answer to the Second Amended Complaint [Dkt. # 273], and affirmative defenses 12 and 15 in Defendants Ascential Bioscience, LLC, R-Squared Nutrition, Inc., and Breakthrough Nutrition, LLC's Answer and Affirmative Defenses to Second Amended Complaint [Dkts. #276, 277, 278] are **DISMISSED**

---

[1] Defendants admit that these defenses "are perhaps not technically 'affirmative defenses,'" but rather "evidence in support of a denial." [Dkt. #296, at 3].

1  **WITH PREJUDICE**.

2      DATED this 27th day of May, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE