HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADVOCARE INTERNATIONAL, L.P., a Texas limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD PAUL SCHECKENBACH, et al.,<br><br>Defendants. | Case No.  C08-5332 RBL<br><br><br>ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [Dkt. #268] |

THIS MATTER comes before the Court on Defendants Gillette, HerbAsia, and Ascential's Motion for Partial Summary Judgment [Dkt. #268]. Defendants seek summary judgment dismissal of Plaintiff's Uniform Fraudulent Transfer Act, reverse piercing of the corporate veil/alter ego, civil conspiracy, and declaratory judgment claims against them. The Court has reviewed the submitted materials and is otherwise familiar with the legal and factual contentions of the parties. The Motion for Summary Judgment is DENIED. The reasons for the Court's Order are set forth below.

**BACKGROUND**

This suit arises out of a February 2006, a jury verdict in favor of AdvoCare and against Defendant Scheckenbach, which was affirmed by the Fifth Circuit.

In this case, Plaintiff AdvoCare claims that Defendant Richard Scheckenbach violated the Uniform Fraudulent Transfer Act ("UFTA") by transferring and shielding assets to hinder, delay, or defraud creditors. AdvoCare argues that Scheckenbach fraudulently sought to prevent AdvoCare from collecting its judgment

ORDER Page - 1

against Scheckenbach by transferring these assets into several business entities. Specifically, AdvoCare contends that fraudulent transfers were made to Defendant Gillette (Scheckenbach's wife) by Ascential and HerbAsia, and to Ascential. These Defendants argue that the claims are time barred, that the transactions at issue are not actionable under the UFTA, and, in the case of HerbAsia, barred by res judicata. Plaintiff AdvoCare claims that factual issues preclude summary judgment on any of these issues.

### A. Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### B. Res Judicata.

HerbAsia's Motion for Summary Judgment is based on the fact that it was a defendant in the underlying Texas action, that the judgment in that case was that Advocare "take nothing" on its claims, and that judgment was not appealed. AdvoCare argues that the claims were different, arise out of different facts, and that the rights established in the Texas case are not impaired by its claims in this case. It also argues that there was not the required final judgment on the merits in the Texas action.

Res judicata, or claim preclusion, prohibits lawsuits on "any claims that were raised *or could have been raised* " in a prior action. Res judicata applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 856 (9th Cir. 2002) (internal quotations omitted).

Plaintiff argues that Defendant HerbAsia is not entitled to summary judgment under res judicata because it cannot establish the existence of these elements as a matter of law. It argues that the claims it asserted against HerbAsia in the Texas action are not identical; it asserted a common law fraud claim there based on its involvement with Scheckenbach's efforts to secretly supply raw materials to AdvoCare at grossly inflated prices. Its claims here, in contrast, are based on allegedly fraudulent transfers of assets in an effort to avoid paying the underlying judgement. They are not "identical," at all. Furthermore, as the Plaintiff contends, the rights established in the Texas action – that HerbAsia did not conspire with Scheckenbach to defraud AdvoCare in the sale of raw materials to it – would not be impacted by any outcome in this case.

HerbAsia argues that the claim at issue in Texas was actually that it was Scheckenbach's alter ego, and that because AdvoCare did raise (and later abandoned) that claim, it obviously "was or could have been litigated there," notwithstanding the fact that the claim was dismissed without prejudice and therefore was not the subject of a judgment on the merits. This argument fails because the claims asserted now could not have been asserted before. The allegations against Defendant HerbAsia consist in large part of acts undertaken after the Texas judgment. The various fraudulent transfer claims, including those against HerbAsia, were not litigated before, could not have been litigated before, were not required to have been litigated before, and were not the subject of a final judgment in Texas. They are not barred by res judicata and the Motion for Summary Judgment on this point is DENIED.

**C. Viability of UFTA Claims against Ascential arising from Sheckenbach's Transfer to Ascential, and the Sale of Ascential to Gillette.**

Defendants argue that AdvoCare's UFTA claim against Ascential arising from Scheckenbach's $5000 transfer to Ascential and the subsequent sale of Ascential to Gillette fail as a matter of law because the $5000 was repaid to Scheckenbach, when Gillette purchased Ascential from him for $5000. Defendants claim that neither Ascential or Gillette are "debtors" under the UFTA.

Plaintiff AdvoCare argues that it has produced ample evidence supporting its contention that the transfers were done with actual fraudulent intent, while Scheckenbach was insolvent, and without exchange of reasonable value or good faith on the part of either transferee. It points out that the Defendants defense under RCW 19.40.081 is inherently factual and that defendants bear the burden of proof thereon. It claims that summary judgment is inappropriate. Defendants respond that their Motion focuses only upon the fact

ORDER Page - 3

that Ascential received only one $5000 transfer from Scheckenbach, and that that is the extent of its potential liability as an initial transferee under the UFTA. But AdvoCare alleges and supports with evidence a variety of other transactions involving Ascential, and argues that it seeks to recover from that entity not as transferors/debtors, but as initial transferees and subsequent transferees under the UFTA.

The court cannot determine on this (perhaps intentionally) convoluted and complex record that these "facts" are undisputed, or that Ascential is entitled to a judgment as a matter of law, even on this apparently limited issue. Its Motion on this point is DENIED.

**D.     Timeliness of UFTA Claims arising out of seven identified transfers to and by Gillette.**

Defendants seek summary judgment on Plaintiff's UFTA claims relating to seven specific transfers, arguing that they are time barred under the UFTA (Chapter 19.40 RCW).

At issue under the UFTA and in this Motion are four types of fraudulent transfers. They are generally: (1) "Actual intent" transfers, wherein a debtor seeks to transfer assets with the actual intent to hinder delay or defraud any creditor of the debtor. [RCW 19.40.041(a)]. (2) A transfer wherein a debtor does not receive equivalent value in exchange for the transfer and the debtor was engaged in a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction, or the debtor intended to, or believed, he was about to incur debts beyond his ability to pay as they became due. [RCW 19.40.041(a)(2)(i)-(ii)]. (3) A transfer in which the debtor does not receive equivalent value and was insolvent at the time of the transfer, or as the result of it. [RCW 19.40.051(a)]. (4) A transfer made by a debtor to an insider for an antecedent debt, the debtor was insolvent, and the insider knew or should have known of the fact. [RCW 19.40.051(b)]

Actual intent claims are subject to a four year limitations period[1], or within one year of the time the creditor discovered or reasonably should have discovered the fraudulent nature of the transfer. RCW 19.40.091(a); *Freitag v. McGhie*, 133 Wn.2d 816 (1997). Claims under RCW 19.40.041(a)(2)(i)-(ii) and RCW 19.40.051(a) are extinguished four years after the transfer was made. RCW 19.40.091(b). "Insider" claims under RCW 19.40.051(b) are extinguished one year after the transfer is made. RCW 19.40.001(c). The latter three categories of fraudulent transfers are not subject to the "discovery rule" applicable to "actual intent" transfers under RCW 19.40.041(a).

---

[1] The Court recognizes that these time frames are not limitations periods per se, but are instead substantive provisions intended to extinguish not only the remedy but the right. *See U.S. v. Bacon*, 82 F.3d 822, 823 (9th Cir. 1996).

ORDER Page - 4

This action was filed on May 22, 2008. Defendants' Motion is based on their contention that seven allegedly fraudulent transfers were made between 2000 and 2004, all more than four years prior to the commencement of this action, and that Plaintiff AdvoCare was or should have been aware of them more than one year prior to the date it filed this case[2]. AdvoCare strenuously disputes that it knew or should have known of the fraudulent nature of the transactions by May 22, 2007, and argues that the fact they knew Gillette was Scheckenbach's wife is not sufficient to give them notice and entitle Defendants to judgment as a matter of law on this issue.

AdvoCare additionally argues that even under the facially harsh limitations or extinguishment periods of the UFTA, Defendants' efforts to fraudulently conceal the fraudulent nature of the transfers tolls the period. Citing *Freitag*, it points out that these periods were not intended to, and should not be applied to, assist those concealing a fraudulent transfer from being further rewarded. AdvoCare argues, for example, that the fact that Gillette was Scheckenbach's wife did not alert and could not have alerted it to the fact the transfers involving her were fraudulent until it discovered that there was a Separate Property agreement in place which was apparently designed to place Gillette's assets beyond AdvoCare's reach.

The simple application of the limitations/extinguishment periods to the seven transactions at issue is not possible in the rich factual context of this case. The Defendants may make these arguments at trial (and support them with evidence), but numerous issues of fact on this topic precludes Summary Judgment on the application of these statutes to the subject transactions. The Motion is DENIED on this issue.

**E.     Timeliness of Conspiracy Claims**.

Defendants also seek summary judgment on Plaintiff's conspiracy claims against them. They argue that Plaintiff's cannot recast an UFTA claim as a conspiracy claim, in an effort to avoid the extinguishment of the UFTA claim. Given the resolution of Defendants' argument that the seven UFTA claims at issue are time barred, the court need not address its argument that AdvoCare's conspiracy claim is simply a re-cast

---

[2]A chart outlining these transfers is contained in the Defendants' Motion [Dkt. # 268], at p. 12. Plaintiff does not appear to dispute the dates of the transactions.

ORDER Page - 5

1  UFTA claim, designed to circumvent the UFTA time frames.  The Motion for Summary Judgment on this
2  point is similarly DENIED.
3  IT IS SO ORDERED.
4      DATED this 13th day of August, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE