HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADVOCARE INTERNATIONAL, L.P., a
Texas limited partnership

    Plaintiff,

  v.

RICHARD PAUL SCHECKENBACH, et al.,

    Defendants.

Case No. C08-5332 RBL

ORDER DENYING MOTION TO AMEND

  This matter is before the Court on the Plaintiff's Motion for Leave to file a third amended complaint. [Dkt. #309]. Advocare seeks to add as Defendants Norman Pendell and Moss Adams, LLP, who were and are accountants doing work for Defendant Sheckenbach and other defendants. Advocare asserts that Moss Adams conspired with these Defendants to defraud Advocare.

  Advocare concedes that the date for adding additional parties or claims has long since passed. It claims, however, that it did not and could not have discovered Moss Adams' role in the alleged conspiracy until it received the Sailer privilege log (after a Motion to compel), and, subsequently, four documents in March 2010. Those documents, Advocare claims, demonstrated for the first time that Moss Adams was involved in the efforts to hide and otherwise shield Sheckenbach's assets from his judgment creditor, Advocare. Advocare claims it has been diligent and that it has shown good cause for adding Moss Adams at this late date, under both Rule 16 (relating to modification of a scheduling order) and Rule 15 (governing amendment).

The Defendants emphasize that Advocare was aware of Moss Adams' involvement much earlier than its receipt of the documents, and that it has not been diligent in seeking to add Moss Adams as a party Defendant. Specifically, They also emphasize the prejudice that would necessarily result from the addition of a party to this already cumbersome litigation at this stage. This prejudice includes expense and delay of the impending trial date.

Under Fed.R.Civ.P. 15(a), leave to amend shall be freely granted where justice so requires:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

This does not mean, however, that leave to amend is always granted. In ruling on a Motion to Amend, the court considers a number of factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the amendment. *Foman v. Davis*, 37 U.S. 178, 182 (1962); *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997).

The court recognizes that the very nature of the case is a continuing effort by the Plaintiff to uncover what it claims are myriad and fraudulent efforts to conceal assets, and to conceal those efforts. Accordingly, the extent of the efforts has only been slowly revealed.

However, the court must also manage its cases and its calendar, and it is clear that Moss Adams could have been added at, say, the time the attorney defendants were added. Adding another full layer of Defendants to the case at this stage would clearly prejudice the Defendants, and that prejudice could not be entirely addressed by a continuance.

The Motion for Leave to Amend [Dkt. # 309] is DENIED.

**IT IS SO ORDERED.**

DATED this 29th day of September, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE