THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADVOCARE INTERNATIONAL, L.P., a Texas limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD PAUL SCHECKENBACH, individually and as part of the marital community; CAROL GILLETTE, individually and as part of the marital community; ILCERVELLO PROPERTIES, LLC, a Washington limited liability company; and RAVENSKY, LLC, a Washington limited liability company, TAI BROWN, individually and as part of the marital community; KELLY BOTTOLFSON-BROWN, individually and as part of the marital community; HERBASIA CORPORATION, a Washington corporation; ASCENTIAL BIOSCIENCE, LLC, a Washington limited liability company; R-SQUARED NUTRITION, INC., a Washington corporation; and BREAKTHROUGH NUTRITION, LLC, an Oregon limited liability company, ROBERT O. SAILER, PACIFIC NORTHWEST LAW GROUP, PLLC, and R. SAILER & CO., INC.,<br><br>Defendants. | Case No. C08-5332 RBL<br><br><br>STIPULATION AND ORDER TERMINATING SHERIFF'S POSSESSION OF PROPERTY SEIZED PURSUANT TO WRIT OF ATTACHMENT, ETC. |

**STIPULATION**

The undersigned parties stipulate as follows:

ORDER TERMINATING SHERIFF'S POSSESSION OF CERTAIN PROPERTY, ETC.- CASE NO. C08-5332 RBL - 1

SCHEEF & STONE, LLP
500 N. Akard, Suite 2700
Dallas, Texas 75201
214.706-4227

On or about November 17, 2010, this Court issued an Amended Prejudgment Writ of Attachment (the "Writ") (Dkt #387) directing the Sheriff of Clallam County (the "Sheriff") to seize non-exempt personal property of the Scheckenbach Defendants (the "Writ"). On or about November 19, 2010, the Sheriff executed the Writ and seized numerous items of personal property, including various coins and coin collections (collectively the "Seized Property") (Dkt# 424).

The Scheckenbach Defendants and AdvoCare have reached an agreement in principle to settle the claims asserted by AdvoCare against the Scheckenbach Defendants. The parties' agreement provides that, upon closing of the settlement, the seized coins and coin collections are to be released to AdvoCare and the remaining items of Seized Property are to be released to the Scheckenbach Defendants. The parties' agreement also provides that, on closing of the settlement, the Scheckenbach Defendants will release any claims against the bonds issued in connection with the issuance of the Writ, including the Clallam County Sheriff's bond. The settlement is scheduled to close on March 14, 2011.

Accordingly, by the signatures of their counsel below, AdvoCare and the Scheckenbach Defendants respectfully request the following:

(1) The Court terminate the Sheriff of Clallam County's possession and control over the property seized in executing the Writ upon release of the Seized Property to the parties as specified below;

(2) The Sheriff shall be authorized and directed to release and transfer custody, care and control of all coins and coin collections included in the Seized Property, including but not limited to the following identified on the Sheriff's

1    Inventory of Seized Property (Dkt#424): Picture #s P1050300 (heavy box of
2    pennies, 3 bags in box), P1050364 (coin collections in large sealed box);
3    P1050366-67 (coin collections, 2 boxes), P1050376 (2 small boxes of
4    pennies, nickels, dimes, quarters – rolled, loose, bagged), and P1050377 (10
5    silver dollars), P1050379 (bag of old dimes), P1050380-85 (box of loose
6    change on bookcase) (the latter all added to the small box of change, picture
7    #P1050376) to plaintiff AdvoCare; prior to turning over the coins/coin
8    collections to AdvoCare, the parties will, in the presence of the Sheriff or her
9    deputy, open those boxes and jointly confirm that the contents include only
10   coins/coin collections;

11   (3)   The Sheriff shall be authorized and directed to release and transfer custody,
12         care and control of the remaining items of Seized Property to the
13         Scheckenbach Defendants;

14   (4)   The Sheriff is released from any responsibility or liability for safe-keeping
15         such property upon transferring custody, care and control of the seized
16         property to plaintiff AdvoCare and to the Scheckenbach Defendants as
17         provided above in subparagraphs (2) and (3);

18   (5)   The Court releases the attachment bond posted by plaintiff AdvoCare securing
19         payment of all damages and costs incident to the Writ;  and

20   (6)   The Court directs the Sheriff to release the Sheriff's bond related to the
21         execution of the Writ and safe-keeping of the Seized Property.

22   The parties further stipulate and agree on the following:

ORDER TERMINATING SHERIFF'S POSSESSION OF CERTAIN
PROPERTY, ETC.- CASE NO. C08-5332 RBL - 3

SCHEEF & STONE, LLP
500 N. Akard, Suite 2700
Dallas, Texas 75201
214.706-4227

(1) Upon closing of the settlement, the parties shall telephone the Sheriff to advise the Sheriff of the closing and to schedule the meeting referenced below in subparagraph (2);

(2) Within three (3) days after closing of the settlement, at the date and time as agreed upon by the parties and Sheriff, a representative of plaintiff AdvoCare and the Scheckenbach Defendants, or their respective representative(s), shall meet with the Sheriff or the Sheriff's deputy at the facility where the Seized Property is stored (Deer Park Self Storage, 132 Deer Park Road, Port Angeles, WA 98362), at which time the seized coins and coin collections will be delivered to the care, custody and control of plaintiff AdvoCare and the remaining items of Seized Property will be delivered to the care, custody and control of the Scheckenbach Defendants. Neither AdvoCare or the Scheckenbach Defendants shall have access to the storage facility prior to the scheduled meeting with the Sheriff pursuant to this paragraph.

(3) Storage costs incurred through the date of turn-over of the Seized Property to the parties in accordance with this stipulation and all costs and fees associated with the seizure on or about November 19, 2010 or the release of the Seized Property are the responsibility of plaintiff AdvoCare;

(4) Upon receipt of the coins and coin collections released to it pursuant to this stipulation, AdvoCare shall be responsible for storing, maintaining or transporting such items;

1  (5) Storage costs of the remaining items of Seized Property after turn-over, and transportation of same to any other location, shall be the responsibility of the Scheckenbach Defendants;

(6) The parties will provide a copy of this Stipulation and the Court's Order to the Sheriff promptly upon filing and cooperate with each other and with the Sheriff to implement its terms; and

(7) The parties shall execute and deliver to the Clallam County Sheriff a release in a form approved by the Clallam County Sheriff prior to receipt of the Seized Property pursuant to this Stipulation and Order.

        SCHEEF & STONE, LLP

By: _/s/ C. Brenton Kugler_
    C. Brenton Kugler
    brent.kugler@solidcounsel.com
    Charlene Koonce
    charlene.koonce@solidcounsel.com
    Scheef & Stone, LLP
    500 N. Akard, Ste. 2700
    Dallas, TX 75201
*Attorneys for Plaintiff AdvoCare International, LP*

CUTLER NYLANDER & HAYTON, P.S.

By */s/ Philip E. Cutler (email authorization)*
    Philip E. Cutler, WSBA # 17264
    philcutler@cnhlaw.com
    Robert Nylander, WSBA #17264
    rgnylander@cnhlaw.com
    Cutler Nylander & Hayton, P.S.
    1191 Second Avenue, Suite 1650
    Seattle, WA 98101

*Attorneys for Defendants Richard P. Scheckenbach, Carol Gillette, Crista Gillette,*

*Ascential BioScience LLC, Breakthrough Nutrition, LLC, Ilcervello Properties, LLC, R-Squared Nutrition LLC and RavenSky, LLC*

**ORDER**

The Court grants the above stipulation requested by Plaintiff AdvoCare and the Scheckenbach Defendants.

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. Upon closing of the settlement between Plaintiff AdvoCare and the Scheckenbach Defendants, the parties shall telephone the Sheriff to advise the Sheriff of the closing and to schedule the meeting referenced in Paragraph (2) below;

2. Within three (3) days after closing of the settlement, at the date and time as agreed upon by the parties and Sheriff, a representative of plaintiff AdvoCare and the Scheckenbach Defendants, or their respective representative(s), shall meet with the Sheriff or the Sheriff's deputy at the facility where the Seized Property is stored (Deer Park Self Storage, 132 Deer Park Road, Port Angeles, WA  98362). Neither AdvoCare nor the Scheckenbach Defendants shall have access to the storage facility prior to the scheduled meeting with the Sheriff pursuant to this paragraph.

3. The Sheriff is authorized and directed to release and transfer custody, care and control of all coins and coin collections included in the Seized Property, including but not limited to the following identified on the Sheriff's Inventory of Seized Property (Dkt#424): Picture #s P1050300 (heavy box of pennies, 3 bags in box), P1050364 (coin collections in large sealed box); P1050366-67 (coin collections, 2 boxes), P1050376 (2 small boxes of

1 pennies, nickels, dimes, quarters – rolled, loose, bagged), and P1050377 (10 silver dollars), P1050379 (bag of old dimes), P1050380-85 (box of loose change on bookcase) (the latter all added to the small box of change, picture #P1050376) to plaintiff AdvoCare;

4. The Sheriff is authorized and directed to release and transfer custody, care and control of all remaining items of Seized Property to the Scheckenbach Defendants;

5. The Clallam County Sheriff is released from any responsibility or liability for safe-keeping such property upon transferring custody, care and control of the Seized Property to plaintiff AdvoCare and to the Scheckenbach Defendants as provided above;

6. The parties shall deliver to the Clallam County Sheriff a release in a form approved by the Sheriff prior to receipt of the Seized Property;

7. Storage costs incurred through the date of turn-over of the Seized Property to the parties in accordance with this stipulation and all costs and fees associated with the seizure on or about November 19, 2010 or the release of the Seized Property are the responsibility of plaintiff AdvoCare;

8. Upon receipt of the coins and coin collections released to it pursuant to this stipulation, AdvoCare shall be responsible for storing, maintaining or transporting such items; and

9. Storage costs of the remaining items of Seized Property after turn-over, and transportation of same to any other location, shall be the responsibility of the Scheckenbach Defendants.

IT IS FURTHER ORDERED that the Clallam County Sheriff's possession, custody and control of the property seized pursuant to the execution of the Writ on the property

ORDER TERMINATING SHERIFF'S POSSESSION OF CERTAIN PROPERTY, ETC.- CASE NO. C08-5332 RBL - 7

SCHEEF & STONE, LLP
500 N. Akard, Suite 2700
Dallas, Texas 75201
214.706-4227

1 located at Parcel Nos. 0429092100302001 or 0429092100301000 located at 2243 or 2245 Baker View Drive in Sequim, Clallam County, Washington shall terminate upon release of the Seized Property to the parties as specified above.

IT IS FURTHER ORDERED that the bond securing wrongful issuance of the Writ is hereby released.

IT IS FURTHER ORDERED that the Sheriff's bond securing the Sheriff's faithful performance of her duties and protection of the property, which is in the Sheriff's possession rather than on file with the Court, is hereby released. All claims related to or arising out of the Sheriff's performance of her duties and her possession of the property are hereby FOREVER BARRED.

IT IS FURTHER ORDERED that the parties shall provide a copy of this Stipulation and the Court's Order to the Clallam County Sheriff promptly upon filing and cooperate with each other and with the Sheriff to implement its terms.

Dated this 14th day of March, 2011.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER TERMINATING SHERIFF'S POSSESSION OF CERTAIN PROPERTY, ETC.- CASE NO. C08-5332 RBL - 8

SCHEEF & STONE, LLP
500 N. Akard, Suite 2700
Dallas, Texas 75201
214.706-4227